UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| TRAUMATIC BRAIN EDUCATION ADULT COMMUNITY HOME, INC. | Case No. 8:13-bk-00097-CPM |
| FLORIDA INSTITUTE FOR NEUROLOGIC REHABILITATION, INC. | Case No. 8:13-bk-00102-CPM |
| FINR II, INC. | Case No. 8:13-bk-00103-CPM |
| FINR III, LLC. | Case No. 8:13-bk-00104-CPM |
| FINR III, INC. | Case No. 8:13-bk-00105-CPM |
| FING II, INC. | Case No. 8:13-bk-00107-CPM |
| | Jointly Administered Under |
| Debtors. | Case No. 8:13-bk-00097-CPM |

_____

FINR III, LLC

     Plaintiff,

vs.                                                     Adv. Proc. Case No. 8:14-ap-_____-
CPM

BROTMAN NUSBAUM IBRAHIM,
PATIENT IDENTIFIED AS "O.O.",
MARYLUZ HUET SELL, KEVIN S.
DOTY, P.A., PATIENT'S SPOUSE
IDENTIFIED AS "R.O.", ACS
RECOVERY SERVICES FOR MEDICAID,
INGENIX FOR UNITED HEALTHCARE,
ADRIAN PHILLIP THOMAS, P.A.,
JEFFREY A. FADLEY, P.A.,

     Defendants.                          *Emergency Hearing Requested Prior
                                                       to Monday, June 16, 2014, at 3:00
                                                       p.m.*

_____/

1

**PLAINTIFF'S VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION AGAINST DEFENDANTS**

FINR III, LLC seeks, pending this Court's ruling on the merits of the adversary proceeding,

the entry of an order temporarily restraining BROTMAN NUSBAUM IBRAHIM ("**BNI**"), O.O.

("**Patient**"), MARYLUZ HUET SELL ("**Sell**"), KEVIN S. DOTY, P.A. (the "**Doty Firm**"), R.O

("**Spouse**"), ACS RECOVERY SERVICES FOR MEDICAID ("**ACS**"), INGENIX FOR UNITED

HEALTHCARE ("**Ingenix**"), ADRIAN PHILLIP THOMAS, P.A. ("**APT**"), and JEFFREY A.

FADLEY, P.A. (the "**Fadley Firm**" together with BNI, Patient, Sell, the Doty Firm, Spouse, ACS,

Ingenix, and APT, collectively, the "**Defendants**") from disbursing or distributing the proceeds of a

settlement (the "**Settlement Proceeds**") in an action styled *Maryluz Huet Sell, as guardian of O.O.*

*and R.O. v. Lawnwood Medical Center, Inc., et al.*, Case No. 562011CA000870 pending in the

Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida (the

"**Negligence Action**"). In support of this motion, FINR respectfully represents as follows:

## BACKGROUND

1.      FINR III, LLC is a Florida corporation which provides comprehensive inpatient

care to patients with traumatic brain injuries at its skilled medical rehabilitation center in Hardee

County, Florida (the "**Medical Center**"). In certain cases, FINR III, LLC admits patients pursuant

to a letter of protection ("**LOP**").

2.      Patient, having been diagnosed with a permanent, catastrophic brain injury, was

admitted to the Medical Center on or about September 17, 2010.  Patient was admitted under a

LOP.  The initial LOP was executed by BNI, as Patient's counsel on or about September 15, 2010,

and by Sell, as Patient's guardian, on or about September 16, 2010.  Four subsequent LOPs were

executed by BNI and Sell, on behalf of Patient, on or about January 14, 2011, February 21, 2011,

June 10, 2011, and May 17, 2012.

3.      By executing the various LOPs, BNI and Sell agreed that: (a) the cost for Patient's treatment would be $1,850.00 per day, (b) FINR III, LLC would be paid for its services from the proceeds of any recovery, (c) FINR III, LLC would defer collection until the earlier of twelve months from Patient's admission to the Medical Center or funds becoming available to wholly or partially satisfy any balance owed to FINR III, LLC for its services, and (d) FINR III, LLC would have a first priority lien on the Settlement Proceeds to the extent of any balance owed for its services. FINR III, LLC did not agree to any carve-out or subordination of its lien.

4.      On or about April 11, 2011, Sell and Spouse filed the Negligence Action against, *inter alia*, Lawnwood Medical Center, Inc. ("**Lawnwood**"). The plaintiffs in the Negligence Action alleged, *inter alia*, that the negligence of Lawnwood caused Patient's permanent, catastrophic brain injury. The damages claimed included the cost of past and future medical and nursing care.

5.      FINR III, LLC sought Chapter 11 protection from this Court on January 4, 2013. On or about May 24, 2013, FINR III, LLC filed with this Court a plan of reorganization (Doc. No. 328) (the "**Plan**"). On or about August 29, 2013, this Court entered an order (Doc. No. 510) (the "**Confirmation Order**") confirming the Plan.

6.      The Plan, as confirmed by the Confirmation Order, provides that recoveries under various LOPs will be used to fund the Plan. Indeed, the Plan provides that Class 4A-4F Unsecured Creditors are to receive their pro-rata share of fifty percent of Excess Cash Flow. Excess Cash Flow includes recoveries under various the LOPs. Furthermore, Regions Bank's Class 3 Secured Claims are to be paid in accordance with the Mediated Settlement Agreement (the "**Settlement Agreement**"), a copy of which is attached to the Confirmation Order as Exhibit A. The Settlement Agreement provides that fifty percent of any LOP recoveries in excess of $1.5 million on an annual

basis are to be paid to Regions and applied to the principal balance of Regions' Class 3 Secured Claims. Accordingly, there is a direct nexus between the collection of accounts receivable which are subject to LOPs and FINR III, LLC's compliance with its obligations under the confirmed Plan.

7.     On or about April 14, 2014, FINR III, LLC received notice that Sell, Spouse, and Lawnwood settled the Negligence Action. The settlement requires Lawnwood to make a settlement payment in full and final settlement of the Negligence Action. The specific terms of the settlement, including the amount of the Settlement Proceeds, are subject to a confidentiality agreement.

8.     Since September 17, 2010, FINR III, LLC has provided essential services and medical treatment tor Patient. As of June 9, 2014, FINR III, LLC is owed the sum of $3,100,707.58 for essential services and medical treatment provided to Patient during her four year residence at the Medical Center. Notwithstanding the balance owed to FINR III, LLC and the terms of the binding LOPs, the plaintiffs in the Negligence Action have asserted that FINR III, LLC should receive approximately $430,000 in full satisfaction of its $3,100,707.58 balance, or about 14%.

9.     Recently, the plaintiffs in the Negligence Action filed a Motion for Equitable Distribution requesting that the state court determine the appropriate distribution of the Settlement Proceeds. A hearing on the motion is scheduled for Monday, June 16, 2014, at 3:00 p.m.

10.     FINR III, LLC continues to provide services and treatment to Patient, and is entitled to be paid for such services and treatment in accordance with its bills and the LOPs.

### ARGUMENT

16.     Section 105(a) of the Bankruptcy Code provides the Court with broad authority to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a). Section 105(a) essentially codifies the Bankruptcy Court's inherent equitable powers. *See Management Technology Corp. v. Pardo,* 56 B.R. 337, 339

(Bankr. D. N.J. 1985)(the court's equitable power is derived from Section 105). This broad authority includes the authority to enjoin actions like this one where the failure to do so would negatively affect FINR III, LLC's ability to comply with its obligations under the Plan and Confirmation Order.

17.     The factors courts apply in determining whether to grant injunctive relief are as follows: (i) substantial likelihood of success on the merits; (ii) a substantial threat that the movant will suffer irreparable harm if the injunction does not issue; (iii) the potential injury the movant may suffer if an injunction does not issue is greater than the potential injury the opposing party might suffer if the injunction was granted; and (iv) the injunction will not adversely affect the public interest. *Hillsborough Holdings Corp. v. The Celotex Corp. (In re Hillsborough Holdings Corp.),* 123 B.R. 1015 (citations omitted). As set forth below, all of the above-identified factors are met in this case and, therefore, the injunctive relief requested herein should be granted.

18.     The LOPs are attached to the adversary complaint as Exhibits A through E. Pursuant to the plain language of the LOPs, FINR III, LLC is entitled to receive from the Settlement Proceeds the sum of $3,100,707.58 as of June 9, 2014, plus additional sums for services and treatment to be provided to the Patient after June 9, 2014. Because the record before the Court reflects that FINR III, LLC is entitled to such recovery, FINR III, LLC submits that the first factor has been met.

20.     If an injunction is not issued, FINR III, LLC's ability to recover for the valuable services and medical treatment it has provided the Patient will be severely impaired, thereby jeopardizing FINR III, LLC's compliance with its obligations under the Plan. The Settlement Proceeds are FINR III, LLC's best (and potentially only) source of recovery for the services and treatment provided to Patient. Upon information and belief, the Settlement Proceeds are in the

possession of Lawnwood, its counsel, or BNI, as counsel for Patient. If an injunction is not issued, the Defendants will have the ability to disburse the Settlement Proceeds as they see fit in direct contravention of the LOPs and to the detriment of FINR III, LLC. Accordingly, the second factor has been established.

23.    As to the third factor, the potential injury to FINR III, LLC (inability to recover amounts due for services and treatment provided to Patient and inability to comply with its obligations under the Plan and Confirmation Order) if an injunction does not issue is exponentially greater than the potential injury the Defendants might suffer (potential delay in the determination of the competing claims and interests with respect to the Settlement Proceeds). FINR III, LLC continues to provide services and treatment to Patient, and will continue to do so during any period in which an injunction is in effect. FINR III, LLC submits that it has met the third factor.

25.    The final factor requires a showing that the issuance of the injunction is not contrary to the public interest. The grant of the injunctive relief requested herein will be squarely in the public interest because it maintains the status quo pending a determination of the competing claims and interests with respect to the Settlement Proceeds. During that time, the Patient will continue to receive the high quality services and medical treatment that she has received since her admission in September 2010. FINR III, LLC submits that it has met the fourth and final factor.

26.    Based on the foregoing, FINR III, LLC respectfully requests, pending this Court's ruling on the merits of the adversary proceeding, that the Court enter an order enjoining the Defendants from disbursing or distributing the Settlement Proceeds.

VERIFICATION

STATE OF FLORIDA

COUNTY OF HARDEE COUNTY

Before me, the undersigned authority, duly authorized to administer oaths and to take acknowledgments, personally appeared Joseph Brennick, who, after first being duly sworn, deposes, and says that he is the Managing Member of FINR III, LLC and that the facts and matters alleged and contained herein are true and correct, and/or made with the best knowledge, information, and belief.

Joseph A. Brennick

DECICCIO & JOHNSON

By:     s/Wayne Johnson
          WAYNE JOHNSON, ESQUIRE
          Florida Bar No.: 0966177
          652 W. Morse Blvd.
          Winter Park, FL 32789
          Telephone: (407) 740-4111
          Facsimile: (407) 740-4011
          E-mail address: wayne.johnson@deciccio.com

I HEREBY CERTIFY that on 11th day of June, 2014, a true and correct copy of the foregoing was served via CM/ECF to all parties participating in CM/ECF Electronic Noticing.

By:     s/Wayne Johnson
          WAYNE JOHNSON, ESQUIRE
          Florida Bar No.: 0966177

8